1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12
13

| | |
|---|---|
| MICHAEL E. LONG, | Case No. C23-209RSL |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |
| AMAZON.COM SERVICES LLC, | |
| Defendant. | |

14    This matter comes before the Court on defendant's "Motion to Compel Responses to

15 Requests for Production of Documents" (Dkt. # 23). The Court, having reviewed the

16 submissions of the parties and the remainder of the record, finds as follows:

17    **I.    Background**

18    *Pro se* plaintiff Michael Long filed this employment discrimination lawsuit against

19 Amazon.com, asserting claims under Title VII of the Civil Rights Act of 1964, as amended. *See*

20 Dkt. # 1. Defendant Amazon.com has filed a motion to compel plaintiff's responses to its

21 requests for production. *See* Dkt. # 23.

22    **A.  Right to Sue Notice**

23    Under Title VII, a complainant must file charges with the Equal Employment

24 Opportunity Commission ("EEOC") within 180 days of the alleged discrimination, or 300 days

25 if the complainant initially instituted proceedings with a state or local agency. 42 U.S.C.

26 § 2000e–5(e); *see Green v. L.A. Cnty. Superintendent of Sch.*, 883 F.2d 1472, 1473 (9th Cir.

27 1989). If the EEOC does not bring suit based on the charge, the EEOC must "notify the person

28 aggrieved" that he can file suit. *Id.* § 2000e–5(f)(1). "The notice is accomplished through

ORDER GRANTING DEFENDANT'S MOTION TO
COMPEL - 1

a right-to-sue letter." *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008). Once a person receives an EEOC right-to-sue letter, he has 90 days to file suit. *Id.* § 2000e–5(f)(1); *see also Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992) (explaining that the 90-day period is a statute of limitations). If the lawsuit is not filed within 90-days of receipt of the dismissal notice, the Title VII action generally is time barred. *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997).

Here, plaintiff's initial Complaint alleged that he received a dismissal notice from the EEOC, dated October 25, 2022, on October 28, 2022. *See* Dkt. # 1 at 6; Dkt. # 1-2. As plaintiff's complaint was filed on February 14, 2023 – more than 90 days after the receipt of his dismissal notice – Amazon filed a motion to dismiss, arguing that the Complaint was untimely. *See* Dkt. # 5. Plaintiff then filed an amended complaint, alleging that he received his dismissal notice on November 28, 2022. *See* Dkt. # 9; *see also* Fed. R. Civ. P. 15(a)(1)(B) (explaining that a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b)).

Recognizing that in reviewing a dismissal for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party," *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013), Amazon withdrew its motion to dismiss, "reserving all rights to raise the statute of limitations defense through a summary judgment motion," Dkt. # 11 at 1.

**B. Amazon's Requests for Production**

On June 9, 2023, Amazon served plaintiff with defendant's First Request for Production of Documents, which contains six requests focused on obtaining documents relevant to Amazon's statute of limitations defense. Specifically, Amazon sought:

> **Request No. 1**: All documents containing communications between Plaintiff and the Equal Employment Opportunity Commission in calendar years 2021, 2022 and 2023, including but not limited to hard copies of documents and emails. If Plaintiff received hard copies of responsive documents through the mail from the Equal Employment Opportunity Commission, copies of the envelopes in which the documents were mailed to Plaintiff should also be provided.

ORDER GRANTING DEFENDANT'S MOTION TO
COMPEL - 2

1

2      **Request No. 2:** All emails received by Plaintiff from noreply@eeoc.gov in
       calendar years 2021 and 2022.

3

4      **Request No. 3:** All emails and attachments Plaintiff sent to and/or received
       from the Equal Employment Opportunity Commission between October 25,

5      2022 and November 12, 2022.

6      **Request No. 4:** Documents showing all addresses at which Plaintiff

7      received mail through the United States Postal Service between October 1,
       2021 and December 31, 2022, including but not limited to documents

8      showing all payments by Plaintiff for all United States Postal Service post
       office boxes used by him within this time frame.

9

10     **Request No. 5:** All mail forwarding requests submitted by Plaintiff to the

11     United States Postal Service between October 1, 2021 and December 31,
       2022.

12

13     **Request No. 6:** All documents supporting the allegation in Plaintiff's
       Amended Complaint that he received the Determination and Notice of

14     Rights dated October 25, 2022 on November 28, 2022.

15

16     Dkt. # 24-1 at 4-6.

17          Plaintiff did not respond to the request within the 30-day timeline established by the

18     Federal Rules of Civil Procedure. *See* Dkt. # 23 at 2; Fed. R. Civ. P. 34(b)(2)(A) ("The party to

19     whom the request is directed must respond in writing within 30 days after being served."). On

20     July 20, 2023, defense counsel followed up with plaintiff in writing and via a telephone call.

21     Dkt. # 24-1 at 9; Dkt. # 23 at 2-3. On July 24, 2023, defense counsel requested in writing that

22     plaintiff produce all documents responsive to Amazon's document request. Dkt. # 24-1 at 12-13.

23     Receiving no response, defense counsel followed up again on August 8, 2023. *Id.* at 15.

24          On August 11, 2023, plaintiff served Amazon with a blanket objection to the document

25     request, stating as follows:

26          Plaintiff Michael E [L]ong objects to the Defendant Amazon.Com Services
            LLC First Request for Production of Documents dated June 9th 2023, to the

27          extent that it is vague, ambiguous, and unreasonable requests that is overly
            b[roa]d in terms of time and scope, seeks information that is not relevant to

28     ORDER GRANTING DEFENDANT'S MOTION TO
       COMPEL - 3

1
2
3

> this case, ( Defendant withdrew a Motion to dismiss on matters pertaining to documents being requested), request also seeks disclosure of privileged or confidential information and inaccessible data (i.e. phone calls between Plaintiff and EEOC etc.)

4
5
6
7

> Plaintiff reserves all available objections to Defendant's First Request for Production of Documents and will serve its objections on responses on Defendant's within the time required by the Federal Rules of Civil Procedure

8   *Id.* at 17. On August 21, 2023, plaintiff and defense counsel met and conferred over the

9   telephone in an attempt to resolve the discovery dispute, but no resolution was reached. Dkt.

10  # 24 at 2.

11          On August 31, 2023, Amazon filed the instant motion to compel. *See* Dkt. # 23.

12  Plaintiff has failed to respond to Amazon's motion.

13          **II.      Legal Standard**

14          District courts have significant discretion to control discovery. *See* Fed. R. Civ. P.

15  26(b)(1); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). However, both

16  litigants and third parties are subject to discovery under the Federal Rules of Civil Procedure.

17  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30-35 (1984). Rule 26(b)(1) provides that

18  parties:

19
20
21
22
23

> [m]ay obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

24  Fed. R. Civ. P. 26(b)(1). Because discovery must be both relevant and proportional, the right to

25  discovery, even plainly relevant discovery, is not limitless. Discovery may be denied where: "(i)

26  the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some

27  other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking

28  discovery has had ample opportunity to obtain the information by discovery in the action; or (iii)

ORDER GRANTING DEFENDANT'S MOTION TO
COMPEL - 4

1  the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

2  26(b)(2)(C).

3       On a motion to compel discovery, the moving party carries the "initial burden of

4  demonstrating relevance." *Rockemore v. Aguirre*, No. C21-550VAP-ADS, 2022 WL 18397379,

5  at *1 (C.D. Cal. July 1, 2022) (citation omitted). "As part of this burden, the moving party must

6  identify each disputed discovery request, the response to each request, and an argument why the

7  response is deficient." *Id.* Once relevance has been established, the burden then shifts to the non-

8  moving party to show that discovery should be disallowed and to support its objections with

9  evidence. *Id.*; *see also Bryant v. Ochoa*, No. C07-200JM-PCL, 2009 WL 1390794, at *1 (S.D.

10 Cal. May 14, 2009).

11     **III.**   **Analysis**

12      Here, the Court finds that Amazon has met its initial burden of demonstrating relevance.

13 Amazon's requests for production are relevant to its contemplated statute of limitations defense,

14 as all six requests seek information about correspondence between plaintiff and the EEOC, as

15 well as information regarding how plaintiff may have received materials from the EEOC

16 (including through the mail or via e-mail). *See* Dkt. # 23 at 5.

17      Plaintiff failed to respond to defendant's request for production within the 30-day

18 timeline set forth by the Federal Rules of Civil Procedure. The Ninth Circuit has held that failure

19 to object to requests for production of documents within the time required constitutes a waiver

20 of any objection. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

21 Cir. 1992). Plaintiff also failed to file a response to defendant's motion to compel, which, under

22 this Court's local rules, "may be considered by the court as an admission that the motion has

23 merit." LCR 7(b)(2). However, *pro se* litigants are afforded more leniency than those

24 represented by counsel and are to be given opportunities to correct their procedural mistakes.

25 *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (*pro se* litigants should be treated with

26 "great leniency" when evaluating compliance with rules of civil procedure); *Ferdik v. Bonzelet*,

27 963 F.2d 1258, 1261 (9th Cir. 1992) ("[F]ederal courts liberally to construe the 'inartful

28

ORDER GRANTING DEFENDANT'S MOTION TO
COMPEL - 5

1   pleadings' of *pro se* litigants."). Accordingly, the Court will consider the objections raised in
2   plaintiff's response to defendant's requests for production.

3           As an initial matter, the Court disagrees with plaintiff's argument that the requests are
4   "vague, ambiguous" and "overly broad" as to "time and scope." Dkt. # 24-1 at 17. Plaintiff has
5   failed to specify what part of the requests he considers vague or ambiguous, and the Court's
6   independent review of defendant's requests has not identified any vague or ambiguous language.
7   Furthermore, absent any specific argument from plaintiff as to his overbreadth objection, the
8   Court agrees with defendant that each of its requests are "narrowly tailored to the statute of
9   limitations defense and discovering any admissions by Plaintiff to the EEOC." Dkt. # 23 at 2.

10          Plaintiff objects that the information sought is not relevant, as defendant "withdrew a
11  Motion to dismiss on matters pertaining to documents being requested." Dkt. # 24-1 at 17.
12  However, when Amazon withdrew its motion to dismiss, it clearly indicated that it intended to
13  raise the statute of limitations defense at the summary judgment stage. *See* Dkt. # 11. As
14  discussed above, the information sought is relevant to the statute of limitations defense.

15          Plaintiff further objects that the request "seeks disclosure of privileged or confidential
16  information." Dkt. # 24-1 at 17. If plaintiff believes that certain information sought by the
17  requests is protected by a recognized privilege, then plaintiff must follow the procedure for
18  making a claim of privilege outlined in Federal Rule of Civil Procedure 26(b)(5). He may not
19  assert a conclusory blanket claim of "privilege" as a justification for refusing to produce any
20  documents in response to defendant's discovery request.

21          Finally, plaintiff raises an objection that the request seeks "inaccessible data (i.e. phone
22  calls between Plaintiff and EEOC etc.)." Dkt. # 24-1 at 17. However, the Federal Rules of Civil
23  Procedure require only that a responding party produce "writings, drawings, graphs, charts,
24  photographs, sound recordings, images, and other data or data compilations" that are within the
25  "responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

26          The Court finds that plaintiff has failed to demonstrate that discovery should be
27  disallowed and accordingly grants defendant's motion to compel.

28          **IV.    Conclusion**

ORDER GRANTING DEFENDANT'S MOTION TO
COMPEL - 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For all the foregoing reasons, defendant's motion to compel (Dkt. # 23) is GRANTED. Plaintiff must respond in writing to each of the production requests and provide Amazon with all responsive documents within 14 days of this Order.

IT IS SO ORDERED.


DATED this 19th day of September, 2023.


*MMR S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO
COMPEL - 7