1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12
13

| | |
|---|---|
| MICHAEL E. LONG, | Case No. C23-209RSL |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| AMAZON.COM SERVICES LLC, | |
| Defendant. | |

14      This matter comes before the Court on plaintiff's "Motion to Compel" (Dkt. # 20). The
15 Court, having reviewed the submissions of the parties and the remainder of the record, finds as
16 follows:

17      **I.      Background**

18      *Pro se* plaintiff Michael Long filed this employment discrimination lawsuit against
19 Amazon.com, asserting claims under Title VII of the Civil Rights Act of 1964, as amended. *See*
20 Dkt. # 1. Plaintiff has filed a motion to compel defendant's responses to certain requests for
21 admission and requests for production. *See* Dkt. # 20.

22      **a.  Plaintiff's Discovery Requests**

23      On May 23, 2023, plaintiff submitted requests for admission asking Amazon to admit or
24 deny the following:

25          1.      That employees that started to work for Amazon after the Plaintiff
26                  was [sic] promoted to jobs that plaintiff had applied for first, before
                    plaintiff
27
28

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL - 1

2.      That the Plaintiff Michael E Long su[b]mitted an application over 37 times for promotions where there was over 70 openings

3.      From August 2020 till August 2022 there were fewer than 5 African American Male[s] promoted at DWX3 and DWA2 combine[d], and there were no African American Male[s] appointed to Management or Production Assistant positions

4.      That prior to September 2021 the plaintiff had no disciplinary action in his record and that the Plaintiff had nearly perfect attendance

5.      That plaintiff had receive[d] incline[1] offers for jobs that went to employees with less Amazon experience

Dkt. # 20 at 5-6. On June 6, 2023, plaintiff submitted requests for production asking Amazon to produce responsive documents and video recordings for the following requests:

1.      A complete list of all employees at DWX3 and DWA2 that were promoted to the following position from August 1, 2020 thru March 31[,] 2022 including Date of Hire, Race, and Ethnicity: YARD MARSHALL, DRIVER TRAINER, PROCESS ASSISTANT, AMBASSADORS, TRANSPORTATION ASSOCIATE

2.      The attendance record of the Plaintiff Michael E [L]ong from June 30, 2019 thru October 18, 2021

3.      Video Recording from DWX3 on March 5, 2021, October 14, 2020 (or the date of incident between the Plaintiff Michael E Long and associate Evelyn Pricketts)

4.      Access to view all video recording on dates the Plaintiff Michael E Long work[ed] between June 2020 and November 2020 at DWX3

---

[1] While neither party has provided a definition of the term "incline," the Court understands it to be a hiring option within the Amazon warehouse system, where individuals who successfully interview for a position are given "the opportunity to either accept or take an incline. An incline means having a job offer on file but not actually taking it. The next time the job is advertised and you apply for it, you get the job without going through another interview." Ken, *Guide to Getting Promoted at an Amazon Warehouse*, WAREHOUSE NINJA (Sept. 10, 2021), https://warehouse.ninja/guide-to-getting-promoted-at-an-amazon-warehouse/. The Court offers this tentative definition only for the ease of the reader, as it does not appear to be pertinent to the outcome of this Order or plaintiff's case.

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL - 2

5.      Any and all job application[s] su[b]mitted by the Plaintiff Michael E
[L]ong including Original Application for hire in June 2019, all
applications for Ambassador su[b]mitted in 2020

*Id.* at 8.

### b.  Amazon's Responses

On June 21, 2023, Amazon responded to plaintiff's request for admissions. *Id.* at 14.

Amazon objected to plaintiff's first request on the grounds that it was "vague and ambiguous[,] . . . overly broad in terms of time and scope, seeks information that is not relevant to this case, and is unduly burdensome." *Id.* at 12.

Amazon denied plaintiff's second request for admission, subject to its objections on the same grounds raised in response to plaintiff's first request, as well as an objection that the request "seeks information beyond the time frame covered by his allegations in his charge of discrimination filed with the Equal Employment Opportunity Commission." *Id.*

Amazon denied plaintiff's third request, subject to its objections on the same grounds raised in response to plaintiff's second request. *Id.*

Amazon denied plaintiff's fourth request. *Id.*

Amazon objected to plaintiff's fifth request on the ground that it was "vague and ambiguous," and "not reasonably limited in time and scope, seeks information that is not relevant to this case, and is not proportional to the claims and defenses in this case." *Id.* at 12.

On June 30, 2023, Amazon responded to plaintiff's requests for production. In addition to a list of general objections, *see id.* at 18-20, Amazon responded with specific objections to each request. As to defendant's first request, Amazon objects to the request as vague and ambiguous, overly broad, seeking information that is not relevant to this case, and unduly burdensome insofar as it requests information that is not proportional to needs of the parties' claims and defenses. *Id.* at 20. Specifically, Amazon asserts that the request "improperly requests Defendant to create a list that does not exist," seeks information that is "beyond the scope of the operative EEOC Charge," and seeks information regarding "positions to which Plaintiff did not apply," which "are not relevant to his claims in this action." *Id.*

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL - 3

1  Amazon indicated it would produce responsive records in response to plaintiff's second

2  request. *Id.* at 20.

3  As to plaintiff's third request, Amazon objects to the request on several grounds,

4  including overbreadth and relevance, but states "that it has not located responsive video

5  concerning interaction between Plaintiff and associate Evelyn Picketts. If responsive video is

6  located after a reasonable search, Defendant will produce it." *Id.* at 21.

7  As to defendant's fourth request, Amazon objects to the request on several grounds,

8  including overbreadth and relevance, and "further states that its video footage within a

9  warehouse generally is recorded over after 30 days." *Id.*

10  As to defendant's fifth request, Amazon objects to the request on several grounds,

11  including overbreadth and proportionality, but states that it "will produce Plaintiff['s] original

12  application(s) and the applications for the positions identified in his Charge to which he alleges

13  he applied in or around January and March 2021 and August 2021, and which are identified in

14  the EEOC Charge as Yard Marshall, Driver Trainer, Learner Trainer, Production Assistant, and

15  Transportation Associate." *Id.* at 21-22.

16  **c. Meet and Confer**

17  On July 7, 2023, plaintiff sent a letter to defense counsel requesting a meet and confer

18  pursuant to Local Rule 37 "regarding a discovery issue resulting from my F[ir]st Request for

19  Production of Documents." Dkt. # 22-1 at 5. The letter goes on to outline plaintiff's responses to

20  defendant's objections to plaintiff's first, third, fourth, and fifth requests for production. *Id.*

21  On July 20, 2023, the parties engaged in a telephonic meet and confer. *See* Dkt. # 20 at 1;

22  Dkt. # 21 at 3. On July 24, 2023, defense counsel sent plaintiff a letter "following up on our

23  telephone conversation to outline what Amazon is prepared to search for and produce in

24  response to your document requests, particularly Requests Nos. 1, 3, 4, and 5." Dkt. # 22-1 at 8-

25  9.

26  **d. Motion to Compel**

27  On August 14, 2023, defendant filed the instant motion to compel regarding his requests

28  for admission and production. *See* Dkt. # 20. As to his requests for production, plaintiff asserts

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL - 4

1    that defendant's responses to his requests for production "contained objections on most of the
2    request[s] . . . and as yet the Defendant ha[s] not produce[d] any documents or recordings." *Id.*
3    at 1-2. He asks that the Court compel defendant to "review and produce all discoverable
4    documents and recordings." *Id.* at 2.

5         As to his requests for admission, plaintiff notes that defendant responded with objections
6    to four of his five requests, and asks that the Court compel defendant to admit or deny
7    defendant's requests for admission. *Id.* at 1-2. The Court notes that although defendant objects
8    to four of plaintiff's requests for admission, it appears that defendant has denied requests Nos. 2,
9    3, and 4. *See* Dkt. # 20 at 12-13. Thus, the Court interprets this request as going to requests Nos.
10   1 and 5.

11        On August 25, defendant responded arguing that "the motion should be denied because
12   Amazon's objections to the requests are appropriate, Plaintiff has failed to identify how the
13   information sought is relevant to the prosecution of the claims at issue, and Plaintiff has made
14   no attempt to meet and confer concerning Amazon's responses to Plaintiff's Request for
15   Admissions." Dkt. # 21 at 1.

16        Amazon further states that on August 8, 2023, "Amazon produced to Plaintiff 857 pages
17   of documents, which included his personnel files, his original employment application, his
18   resumes, a list of the job requisitions to which he had applied in late 2020 and in 2021 for Yard
19   Marshal, Driver Trainer, Learner Trainer, Process Assistant, and Transportation Assistant,
20   documented feedback from his interviews, and his time and earnings records." Dkt. # 21 at 4.
21   Plaintiff appears to agree that Amazon has produced 857 pages of documents in response to his
22   discovery requests. *See* Dkt. # 25 at 2.

23        **II.    Legal Standard**

24        District courts have significant discretion to control discovery. *See* Fed. R. Civ. P.
25   26(b)(1); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). However, both
26   litigants and third parties are subject to discovery under the Federal Rules of Civil Procedure.
27   *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30-35 (1984). Rule 26(b)(1) provides that
28   parties

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL - 5

> [m]ay obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount
> in controversy, the parties' relative access to relevant information, the
> parties' resources, the importance of the discovery in resolving the issues,
> and whether the burden or expense of the proposed discovery outweighs its
> likely benefit.

Fed. R. Civ. P. 26(b)(1). Because discovery must be both relevant and proportional, the right to discovery, even plainly relevant discovery, is not limitless. Discovery may be denied where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

On a motion to compel discovery, the moving party carries the "initial burden of demonstrating relevance." *Rockemore v. Aguirre*, No. C21-550VAP-ADS, 2022 WL 18397379, at *1 (C.D. Cal. July 1, 2022) (citation omitted). "As part of this burden, the moving party must identify each disputed discovery request, the response to each request, and an argument why the response is deficient." *Id.* Once relevance has been established, the burden then shifts to the non-moving party to show that discovery should be disallowed and to support its objections with evidence. *Id.*; *see also Bryant v. Ochoa*, No. C07-200JM-PCL, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).

### III.   Analysis

#### a.   Motion to Compel Requests for Admission

Amazon argues that plaintiff's motion to compel requests for admission should be dismissed for failure to meet and confer as required by Local Rule 37. *See* Dkt. # 21 at 5. The Court agrees. This Court's Local Rules require that "[a]ny motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action."

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL - 6

1   LCR 37(a)(1); *see also* Fed. R. Civ. P. 37(a)(1). This rule promotes the discovery process

2   envisioned by the Federal Rules of Civil procedure, specifically that "[t]he discovery process . . .

3   should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med.*

4   *Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018).

5        Here, although plaintiff initiated a meet and confer with regard to his requests for

6   production, plaintiff has offered no evidence to dispute defendant's assertion that the meet and

7   confer on July 20 did not address plaintiff's requests for admission. *Compare* Dkt. # 25

8   (plaintiff's conclusory assertion that "the conversation included all of Defendant's opposition")

9   *with* Dkt. # 22 at 8 (plaintiff's letter requesting a meet and confer outlining only his concerns

10  relating to defendant's responses to plaintiff's requests for production).

11       As other district courts in the Ninth Circuit have explained, the meet and confer rules

12  require that the movant must "personally engage in two-way communication with the

13  nonresponding party to meaningfully discuss each contested discovery dispute in a genuine

14  effort to avoid judicial intervention." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170

15  F.R.D. 166, 171 (D. Nev. 1996). To meet this obligation, parties must "treat the informal

16  negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial

17  resolution of discovery disputes." *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D.

18  Nev. 1993). This is done when the parties "present to each other the merits of their respective

19  positions with the same candor, specificity, and support during the informal negotiations as

20  during the briefing of discovery motions." *Id.* "[J]udicial intervention should be considered

21  appropriate only when (1) informal negotiations have reached an impasse on the substantive

22  issue in dispute, or (2) one party has acted in bad faith, either by refusing to engage in

23  negotiations altogether or by refusing to provide specific support for its [objections]." *Id.*

24       Here, plaintiff has not certified that his concerns regarding defendant's responses to his

25  requests for admission were presented to defendant with candor and specificity in a meet and

26  confer. The meet and confer requirement is not one the Court takes lightly. Because the Court

27  finds that plaintiff has failed to meet and confer in good faith with defendant regarding his

28

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL - 7

1  requests for admission, the Court denies plaintiff's motion with regard to his requests for

2  admission "without addressing the merits of the dispute." LCR 37(a)(1).

3        **b.  Motion to Compel Requests for Production**

4     Regarding defendant's requests for production, defendant states in his motion to compel

5  that "as yet the Defendant have not produce[d] any documents or recordings" and asks the Court

6  to "compel Defendant to . . . review and produce all discoverable documents and recordings."

7  Dkt. # 20 at 2. However, it appears that since plaintiff drafted his motion to compel, Amazon

8  has produced at least 857 documents in response to plaintiff's requests for production. *See* Dkt.

9  # 21 at 4; Dkt. # 25 at 2. Accordingly, the Court focuses on the arguments raised in plaintiff's

10  reply.

11     Plaintiff's reply argues that (1) his complaint of racial bias following his October 2017

12  employment with Amazon was not included in the documents produced; (2) the "numerous"

13  discrimination complaints plaintiff filed with "Amazon's very own EEOC department" were not

14  included in the documents produced; (3) the produced documents "did not include any of

15  plaintiff's employment applications or resumes;" and (4) Amazon's request that plaintiff agree

16  to a protective order before it produces information regarding the qualifications and identities of

17  individuals who applied for the positions plaintiff applied for was not "needed or appropriate"

18  because plaintiff did "not ask for any Confidential Material." Dkt. # 25 at 1-2.[2]

19     As to plaintiff's first two arguments, the Court notes that nowhere in plaintiff's requests

20  for production did he request that defendant produce his past complaints. *See* Dkt. # 20 at 8.

21  Accordingly, the Court does not find fault in defendant's failure to include plaintiff's former

22  discrimination complaints in its document production.

23     As to plaintiff's third argument, the Court notes that Amazon asserts that it produced

24  plaintiff's "personnel files, original employment application, his resumes, a list of the job

25

26     [2] Plaintiff also dedicates much of his reply brief to arguments concerning the timing of his EEOC

27  charge and his argument that Title VII is unconstitutional. *See* Dkt. # 25 at 1-2. Given that these
arguments are outside the scope of the parties' instant discovery dispute, the Court does not address

28  them here.

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL - 8

1  requisitions to which he had applied in late 2020 and in 2021 for Yard Marshal, Driver Trainer,

2  Learner Trainer, Process Assistant, and Transportation Assistant, documented feedback from his

3  interviews, and his time and earnings records." Dkt. # 21 at 4. If plaintiff reviews the documents

4  produced by Amazon and is unable to find his "employment applications or resumes," the Court

5  encourages him to reach out to defense counsel for clarification. If no resolution can be reached

6  cooperatively between the parties, plaintiff may, of course, file another motion to compel with

7  the Court. The Court cautions plaintiff that any future motions to compel must "identify each

8  disputed discovery request, the response to each request, and an argument why the response is

9  deficient." *Rockemore*, 2022 WL 18397379, at \*1. Without these specific facts, the Court is

10  unable to effectively resolve the discovery dispute.

11      Finally, as to plaintiff's argument regarding the protective order, the Court notes that

12  Amazon likely has a responsibility to protect the personal information of its employees, *see,*

13  *e.g.*, *Medoff v. Minka Lighting, LLC*, No. C22-8885SVW-PVC, 2023 WL 4291973, at \*8 (C.D.

14  Cal. May 8, 2023) (collecting cases discussing an employer's duty to reasonably protect

15  employees' personally identifiable information), and that plaintiff's request for a "complete list

16  of all employees at DWX3 and DWA2 that were promoted to the following position from

17  August 1, 2020 thru March 31[,] 2022 including Date of Hire, Race, and Ethnicity," may seek

18  protected personal information. As plaintiff has not explained why he is reluctant to enter into an

19  agreed protective order, the Court concludes that Amazon's refusal to release employees'

20  personal information without the protection of a protective order is reasonable.

21      In conclusion, as plaintiff has failed to demonstrate that defendant's discovery responses

22  were insufficient, the Court denies his motion to compel responses to his requests for

23  production.

24      //

25      //

26      //

27      //

28      //

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL - 9

**VI.     Conclusion**

For all the foregoing reasons, plaintiff's motion to compel (Dkt. # 20) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of September, 2023.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL - 10