UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL E. LONG,<br><br>    Plaintiff,<br><br>  v.<br><br>AMAZON.COM SERVICES LLC,<br><br>    Defendant. | Case No. C23-209RSL<br><br>ORDER DENYING<br>PLAINTIFF'S MOTION FOR<br>JUDICIAL REVIEW<br>WITHOUT PREJUDICE |

  This matter comes before the Court on plaintiff's "Motion for Judicial Review" (Dkt. # 26). The Court, having reviewed the submissions of the parties and the remainder of the record, finds as follows:

  *Pro se* plaintiff Michael Long asks the Court to review the constitutionality of the Equal Employment Opportunity Commission ("EEOC") and the procedural requirements of Title VII of the Civil Rights Act of 1964 ("Title VII"). *See* Dkt. # 26. Specifically, he asks that the Court "declare the requirement to submit [a] Racial Discrimination case to the EEOC before filing a lawsuit in court" and "the requirement to have [a] Right To Sue Letter before filing a Racial Discrimination [suit] in court" unconstitutional. *Id.* at 2. Defendant opposes this motion on the basis that it is not yet ripe for adjudication, as "[t]here currently is no motion pending before the court requiring it to decide whether Title VII's mandatory administrative process applies to bar Plaintiff's claims." Dkt. # 27 at 1.

ORDER DENYING PLAINTIFF'S MOTION FOR
JUDICIAL REVIEW WITHOUT PREJUDICE- 1

"Although ripeness, like other justiciability doctrines, is 'not a legal concept with a fixed content or susceptible of scientific verification, the Supreme Court has observed that the doctrine 'is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (quoting first *Poe v. Ullman*, 367 U.S. 497, 508 (1961) then *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993)). The Supreme Court instructs that ripeness is "peculiarly a question of timing," *Reg'l Rail Reorg. Act Cases*, 419 U.S. 102, 140 (1974), designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967).

For a motion for declaratory judgment to be constitutionally ripe, the facts alleged must show that "substantial controversy" exists between parties of "sufficient immediacy and reality to warrant the issuance of a declaratory action." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). A claim is not ripe if it involves "contingent future events that may not occur as anticipated, or indeed may not occur at all" and the litigant's injury must be "certainly impending" to be ripe for adjudication. *See United States v. Streich*, 560 F.3d 926, 931 (9th Cir. 2009) (citations and quotation marks omitted).

Furthermore, even if a court concludes that the parties present a ripe case or controversy in the constitutional sense, it may still decline to exercise jurisdiction under the prudential component of the ripeness doctrine. *Thomas*, 220 F.3d at 1141. In evaluating the prudential aspects of ripeness, the court's analysis is guided by two overarching considerations: "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (quoting *Abbott Labs.*, 387 U.S. at 149).

Here, plaintiff appears to be anticipating that defendant will argue that plaintiff's claim should be dismissed based on plaintiff's failure to meet certain timing and procedural requirements laid out in Title VII. *See* Dkt. # 26; *see also Fort Bend Cnty., Texas v. Davis*, 587 U.S. __, 139 S. Ct. 1843, 1846-47 (2019) (describing process of and requirements for filing a Title VII claim against an employer). Defendant previously filed a motion to dismiss based on

this affirmative defense, but withdrew the motion after plaintiff filed an amended complaint. *See* Dkt. # 5. Additionally, defendant has sought discovery from plaintiff relating to this potential affirmative defense. *See* Dkt. # 23. However, there is, at present, no motion from defendant seeking to dismiss plaintiff's claim on this basis. Accordingly, the necessity and relevance of the relief plaintiff requests depends on "contingent future events that may not occur as anticipated, or indeed may not occur at all" and therefore is not yet ripe. *Streich*, 560 F.3d at 931 (citation omitted); *see also Hodges v. United States*, No. C19-46BMM, 2022 WL 73962, at *2 (D. Mont. Jan. 6, 2022) (finding plaintiff's constitutional challenge to the statutory limit for noneconomic damages in medical malpractice cases was unripe because the parties had not yet gone to trial and proven damages that exceeded the cap).

      For all the foregoing reasons, the Court finds that plaintiff's motion (Dkt. # 26) is not yet ripe and accordingly DENIES the motion without prejudice.

DATED this 4th day of October, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
JUDICIAL REVIEW WITHOUT PREJUDICE- 3