UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL E. LONG,

    Plaintiff,

v.

AMAZON.COM SERVICES LLC,

    Defendant.

Case No. C23-209RSL

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on defendant's "Motion for Summary Judgment" (Dkt. # 32). The Court, having reviewed the submissions of the parties and the remainder of the record, finds as follows:

**I.  Background**

*Pro se* plaintiff Michael Long filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC") against his employer, Amazon, on May 28, 2021. Dkt. # 1 at 6. On October 17, 2022, the EEOC informed plaintiff via email that unless he provided additional evidence supporting his claim, the EEOC would "conclude its investigation and issue a Determination and Notice of Rights in the EEOC Public Portal which would allow [plaintiff] to file a private lawsuit within 90 days of its receipt." Dkt. # 33-1 (Ex. 3).

On October 25, 2022, the EEOC dismissed plaintiff's claim and uploaded to the EEOC Public Portal a letter titled "Determination and Notice of Rights" (the "Notice"), notifying plaintiff that he may file a lawsuit within 90 days of receiving the Notice. Dkt. # 33 at (Ex. 6). On November 11, 2022, plaintiff emailed the investigator at the EEOC requesting a copy of the Notice because he was unable to download it from the portal. Dkt. # 33-1 (Ex. 5). On November

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 1

14, 2022, the investigator responded and attached a copy of the Notice via email. Dkt. # 33-1 (Ex. 6). Plaintiff asserts that he has no record or recollection of the email. *See* Dkt. # 34.

On February 14, 2023, plaintiff filed this employment discrimination lawsuit, asserting claims under Title VII of the Civil Rights Act of 1964, as amended. *See* Dkt. # 1. Plaintiff's initial complaint alleged that he received the Notice from the EEOC on October 28, 2022. *See* Dkt. # 1 at 6; Dkt. # 1-2. In response, Amazon filed a motion to dismiss, arguing that the complaint was filed more than 90 days after the EEOC's dismissal. *See* Dkt. # 5. Plaintiff then amended his complaint, alleging that he received the Notice on November 28, 2022. *See* Dkt. # 9. Amazon withdrew its motion to dismiss, "reserving all rights to raise the statute of limitations defense through a summary judgment motion," Dkt. # 11 at 1, because it recognized that on a Rule 12(b)(6) motion, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

Amazon filed the instant motion for summary judgment, arguing that plaintiff's complaint is untimely because he failed to file it within 90 days of receiving the Notice. Dkt. # 32 at 1. Plaintiff's main argument is that he did not read the Notice until November 28, 2022. Dkt. # 34 at 1.

**II.     Discussion**

    **A.  Legal Standard**

A party is entitled to summary judgment if there is no genuine dispute of material fact and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001). The party seeking summary dismissal of the case bears the burden of proving an absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations or argumentative assertions that material facts are in dispute. *Wallis v. JR Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

### B. Analysis

Plaintiff's lawsuit is untimely. A person is generally barred from filing suit 90 days after he receives a notice of his right to sue. 42 U.S.C. § 2000e–5(f)(1); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997). The Ninth Circuit has not clarified what constitutes "receipt" sufficient to trigger the 90-day clock, but other court decisions are instructive. For example, in a decision by the Seventh Circuit, the court explained, "the date of receipt, which triggers the filing window, is unaffected by the recipient's failure to read the notice until a later time." *Lax v. Mayorkas*, 20 F.4th 1178, 1182–83 (7th Cir. 2021). Instead, it begins when the plaintiff has been put on notice that a final agency decision was attached. *Id.* (holding that plaintiff received notice of right to sue when the body of the email "clearly indicated that his final agency decision was attached" even though the plaintiff may not have viewed the attachment until a later date). "When a plaintiff is notified of a Right to Sue Notice via an email directing them to the EEOC online portal, the plaintiff cannot 'postpone the beginning of the 90-day clock to file a civil suit simply by refusing or neglecting to access the portal.'" *Moore v. R1 RCM*, No. 22-2216, 2023 WL 3047431, at *2 (C.D. Ill. Apr. 4, 2023), *report and recommendation adopted*, No. 22-CV-2216, 2023 WL 3046797 (C.D. Ill. Apr. 21, 2023) (quotations omitted).[1]

The Court is persuaded by that approach and finds the plaintiff's lawsuit untimely. The record shows that plaintiff was notified that a final decision was rendered on October 25. Dkt.

---

[1] Several other courts follow the same approach, holding that the 90-day clock begins when plaintiff receives notice of a right to sue letter, not when he actually reads it. *See, e.g.*, *McNaney v. Sampson & Morris Grp., Inc.*, No. 2:21-CV-1809, 2022 WL 1017388, at *3 (W.D. Pa. Apr. 5, 2022) (holding that the 90-day period began to run when the EEOC notified the plaintiff's counsel via email that a decision had been made and provided a link to access the decision); *see also Paniconi v. Abington Hosp.-Jefferson Health*, 604 F. Supp. 3d 290 (E.D. Pa. 2022) (same); *Mason v. Derryfield Sch.*, No. 22-CV-104-SE, 2022 WL 16859666, at *3 (D.N.H. Nov. 7, 2022) (holding that the statute-of-limitations period began to run on the date the plaintiff received an email from the EEOC notifying her of a decision regarding her charge of discrimination, even though she did not access the right-to-sue letter through the portal until later).

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 3

# 33 (Ex. 4). As evidenced by plaintiff's November 11 email, he was aware that his charge had been dismissed, and that the EEOC issued a Notice. *See* Dkt. # 33-1 (Ex. 5) (requesting a copy via email of the "closure letter and the 'right to sue notice[']"). On November 14, plaintiff received a copy of the Notice via email. Dkt. # 33-1 (Ex. 6). Therefore, the 90-day period started, at the latest, on November 14.[2] Because plaintiff filed his complaint two days after the limitations period had expired on February 12, 2023, his suit is untimely.[3]

### III.   Conclusion

For all the foregoing reasons, defendant's motion for summary judgment (Dkt. # 32) is GRANTED. Accordingly, plaintiff's claims are dismissed with prejudice as untimely.

IT IS SO ORDERED.

DATED this 29th day of April, 2024.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[2] The 90-day period arguably started a few days earlier when plaintiff was put on notice of the dismissal—*i.e.*, sometime on or before November 11. However, even giving plaintiff the most generous interpretation of the applicable law, he fails to demonstrate that his lawsuit was timely.

[3] Plaintiff's argument that he has no recollection of the November 14 email, *see* Dkt. # 34 at 1, is insufficient to defeat summary judgment because it does not give rise to a "genuine" factual dispute. *Far Out Prods.*, 247 F.3d at 992 (A factual dispute is "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party.").

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 4